Alexander E. Cameron
vs.          No. 87225.
George F. O'Shaunessy

April 4, 1932.

CAPOTOSTO, J. Action for personal injuries resulting from an automobile collision on the Post Road near Apponaug Four Corners in the afternoon of July 1, 1931. The jury having returned a verdict for the plaintiff in the sum of $2,739.40, the defendant moves for a new trial. His principal complaint is that the damages are excessive.

The liability is clear, although the defendant is in part the victim of the erratic conduct of a third vehicle which crossed the paths of both automobiles that came into collision.

The damages deserve consideration. The plaintiff was considerably bruised and was strapped for an injury to the chest. The eye itself was cut by a piece of flying glass. It quickly responded to treatment and left no impairment of sight. The only complaint made now is that there is a slight scar at the place of injury and a little increased irritability upon long use of the eye. The plaintiff complains further of a varicose condition of the left leg which he claims is a result of the accident. Two reputable physicians disagree upon this issue. But, even assuming that the plaintiff's contention is sound, this condition has been practically cured by special treatment. There are no permanent injuries.

The plaintiff lost no wages. For a period of 46 days' incapacity the Narragansett Electric Lighting Company paid the plaintiff $734.80. In answer to a special finding submitted by the Court, the jury found that this amount was paid to the plaintiff by the N. E. L. Co., his employer, as salary and not as a gratuity. The plaintiff's total money loss, including a very liberal allowance to one of the physicians for past and future treatment of the plaintiff's leg, amounts to $950 in round figures. This sum includes also the fair market value of the plaintiff's automobile at the time of the accident,

as well as reimbursement for a rather free use of taxicabs.

Under all these circumstances, the Court finds that the verdict of the jury is excessive and believes that damages in the sum of $2,000 will do substantial justice betwen the parties. If within five days the plaintiff remits all of the verdict above the sum of $2,000, defendant's motion for a new trial is denied, otherwise it is granted on all grounds.

For plaintiff: Gardner, Moss & Haslam.

For defendant: O'Shaunessy & Cannon.